# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DOMINIQUE A. ROLLINS, OTIS HUNTER, KELLY SCOTT, DESHAWN EVANS, and ANTHONY LINDSEY,<br><br>        Defendants. | Case No. 17-CR-29-JPS<br><br>**SECOND AMENDED TRIAL SCHEDULING ORDER** |

  On January 27, 2017, this case was filed with the Court and has been assigned to this branch for further proceedings. The Court entered its original scheduling order on February 23, 2017, (Docket #14), but it was later vacated after the grand jury returned a superseding indictment which joined new defendants. The Court then issued an amended scheduling order. (Docket #64).

  The parties have now sought an additional adjournment of the trial date in light of the complexity of the case and the need for new counsel to review the relevant discovery materials. (Docket #76). Magistrate Judge David E. Jones held a hearing on that motion and recommends that it be granted. (Docket #79). The Court, having reviewed the magistrate's recommendation and the parties' submissions, will adopt the recommendation and extend the applicable deadlines and the trial date as requested. The Court now issues this second amended trial scheduling order to embody those new dates and ensure that this matter is resolved expeditiously.

  Accordingly,

**IT IS ORDERED** that Magistrate Judge David E. Jones' September 26, 2017 report and recommendation (Docket #79) be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that Defendants' joint and unopposed motion to adjourn the trial (Docket #76) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the period from September 16, 2017 until January 29, 2018, inclusive, be and the same is hereby excluded from any computation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), as the ends of justice will be served by permitting the parties' requested extension of the trial date and pretrial deadlines, based on the complexity of the case and the need for counsel to prepare for trial, and the defendants' and the public's best interest in a speedy trial are thereby outweighed; and

**IT IS FURTHER ORDERED** as follows:

The following proceedings in this case have been set and will be held before the Honorable J.P. Stadtmueller in the United States Courthouse, 517 East Wisconsin Avenue, Room 425, Milwaukee, Wisconsin 53202:

**FINAL PRETRIAL**
**CONFERENCE:**        Tuesday, January 23, 2018 at 8:30 a.m.

**JURY TRIAL:**        Monday, January 29, 2018 at 8:30 a.m.

Counsel for the defendants are directed to notify their clients of the date and time of the above scheduled court proceedings. It is the responsibility of the assigned Assistant U.S. Attorney, in consultation with the defendants' attorneys, pretrial services, U.S. Marshals Service, state authorities, and/or the Bureau of Prisons, to ascertain the custodial status of the defendants and take all appropriate measures, including timely application for a writ of habeas corpus, to ensure the defendants' presence.

To ensure adequate preparation of the case for trial,

**IT IS FURTHER ORDERED** that counsel who will actually try the case for the government and the defendants confer in person, and thereafter prepare and file a single joint final pretrial report, the principal burden for the preparation and filing of which rests with counsel for the government. Consistent with the facts and law applicable to the case, the report must fully address each of the following:

1. A brief summary of the charge(s) against the defendants, bearing in mind that this summary will be read verbatim to potential jurors to inform them of the identity of the defendants and the nature of the charges.

2. The anticipated length of the trial.

3. Stipulations of fact between the parties.

4. The name(s), occupation, and city of residence of all potential witnesses who may be called by the prosecution and/or defendants. Absent extraordinary circumstances and good cause shown, any witness not disclosed in the final pretrial report will not be permitted to testify at trial.

5. A narrative statement detailing the educational background, qualifications, and experience of each expert witness expected to be called to testify.

6. A complete list of all exhibits the parties expect will be offered in evidence or otherwise referenced during the trial. Absent extraordinary circumstances and good cause shown, any exhibit not disclosed in the final pretrial report will not be permitted to be used during the trial.

7. Any area of inquiry that the parties would like the Court to consider in questioning potential jurors on *voir dire*.

8. Proposed jury instructions—generally limited to the elements of the offenses or other subjects unique to the facts and/or law applicable to the case.

9. A proposed "Special Verdict" should the underlying facts, including sentencing considerations, so require.

In preparing the final pretrial report, counsel for the parties should be mindful of each of the following considerations:

1. This branch of the Court utilizes a single sequential numbering system for all exhibits. Therefore, counsel for the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The government's exhibits should be listed first, in numerical order, followed immediately by the defendants' exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. All exhibits must be marked, numbered, and disclosed to opposing counsel prior to the final pretrial conference.

3. The parties' proposed jury instructions and the "Special Verdict" (if required), must be tailored to the facts and law applicable to the case, and edited and formatted as the parties would expect the instructions and verdict form to be read to the jury. *References to form book instructions by number without more is wholly unacceptable*. In the event counsel are unable to agree on a particular instruction or question in the verdict form, the report should so note and must include further submissions in the form of a short memorandum of law in support of or in opposition to the particular jury instruction(s) or question(s) in the "Special Verdict," and, if required, an offer of proof.

4. Counsel for the parties are free to file motions *in limine* at any time; however, in the Court's experience, issues attendant to such motions are best resolved informally between the parties without the necessity of court intervention. Therefore, any motion filed must be accompanied by a written statement that after personal consultation and sincere attempts to resolve their differences, the parties are unable to reach an accord. The

statement must also include the date(s) and time(s) of such conference(s) as well as the names of all participants.

The report must be electronically filed with the Court not later than **2:00 p.m. on Thursday, January 18, 2018**. In addition, a hard copy of the report bearing the original inked signatures of counsel who will actually try the case, along with three (3) sets of each party's exhibits, including all documents and a photograph of each physical exhibit, formatted, indexed, and tabbed in individual (no larger than 1" capacity), Easy Open, Locking, Slant D-ring binders (such as the Cardinal CRD10310 or CRD10311), must be simultaneously delivered to the Court's chambers on **Thursday, January 18, 2018**.

Finally, should any defendant wish to resolve his/her case short of trial and remain eligible for acceptance of responsibility credit under applicable United States Sentencing Guidelines, while at the same time obviating the necessity of the parties preparing and filing a Final Pretrial Report, counsel for the defendant must notify the Court of such intention, including the filing of a written plea agreement, not later than the close of business on **Tuesday, January 16, 2018**. Upon filing a plea agreement, counsel for the defendant remains obliged to contact the assigned Magistrate Judge to schedule a change of plea hearing which will be held no later than ten (10) days after the scheduled date and time of the Final Pretrial Conference.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge