# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                            Case No. 17-CR-29

**DOMINIQUE ROLLINS**,

      Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

      The United States of America and the defendant, Dominique Rollins, appeared before me on January 5, 2018, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 104. Both parties consented to my conducting the change of plea colloquy. I explained that it would be for United States District Judge J.P. Stadtmueller alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

      After Mr. Rollins was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Rollins was lucid, intelligent, and not under the influence of any intoxicants or substances. I also found that he took the hearing seriously and understood the gravity of changing his plea. Indeed, at one

point in the proceedings, we went off the record so that Mr. Rollins could regain his composure, as he was anguished about the period of incarceration he likely faced due to his change of plea. Upon mastering his composure, we went back on the record to complete the Rule 11 colloquy.

I then discussed in detail each of the subjects specified in Rule 11, including the rights Mr. Rollins would surrender by entering a plea of guilty, the maximum penalties associated with the charged offenses, and the authority of the sentencing judge to disregard any recommendations in the Plea Agreement, ECF No. 95, and to sentence Mr. Rollins at the statutory maximums. Mr. Rollins fully understood the rights he was surrendering and the implications of pleading guilty. Mr. Rollins also was satisfied that he had received effective assistance of counsel.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement. I found that there was an independent factual basis containing each of the essential elements of Counts Two and Three of the Second Superseding Indictment, ECF No. 50, to which Mr. Rollins was pleading guilty. Mr. Rollins advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of the charged offense. Mr. Rollins provided one of the most candid and thorough narrative accounts of a crime I have ever heard, which underscored his acceptances of responsibility. I found that, in responding to my questions, Mr. Rollins was candid, respectful, and non-evasive, fully accepting responsibility for and
2

acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Dominique Rollins's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Rollins be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2018.

**BY THE COURT:**

*s/David E. Jones*
DAVID E. JONES
United States Magistrate Judge